Filed 7/21/21

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GINA JOHNSON, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> MAXIM HEALTHCARE SERVICES, INC., <br><br> Defendant and Respondent. | D077599 <br><br><br> (Super. Ct. No. 37-2019-00047448-CU-OE-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Gregory W. Pollack, Judge.  Reversed.

Mashiri Law Firm, Alex Asil Mashiri; The Jami Law Firm and Tamim Jami, for Plaintiff and Appellant.

Morgan, Lewis & Bockius, John S. Battenfeld and Alexander L. Grodan, for Defendant and Respondent.

Gina Johnson filed a lawsuit against her employer, Maxim Healthcare Services, Inc. (Maxim), under the Private Attorney General Act of 2004 (PAGA) (Lab. Code,[1] § 2698, et seq.).  The superior court sustained Maxim's demurrer to complaint, finding that Johnson's individual claim was time-

---

[1]     Statutory references are to the Labor Code unless otherwise specified.

barred. The court subsequently dismissed Johnson's suit with prejudice. Relying on *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73 (*Kim*), we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

Maxim is a national healthcare staffing company and provides temporary staffing and healthcare services to its clients. Maxim hired Johnson as an hourly, nonexempt employee in 2016. On September 7, 2016, Johnson signed a document entitled "Non-Solicitation, Non-Disclosure and Non-Competition Agreement" (Agreement).

On June 19, 2019, Johnson sent notice to the California Labor and Workforce Development Agency (Agency) that her execution of the Agreement violated section 432.5.[2] Specifically, Johnson claimed that the Agreement included a noncompetition clause, which is prohibited under California law.[3] Johnson informed the Agency that she intended to pursue a representative action under PAGA on behalf of all allegedly aggrieved employees who signed a document similar to the Agreement, containing the same noncompete language. After 65 days lapsed without a response from the Agency, Johnson filed a complaint in San Diego Superior

---

[2] Section 432.5 provides: "No employer, or agent, manager, superintendent, or officer thereof, shall require any employee or applicant for employment to agree, in writing, to any term or condition which is known by such employer, or agent, manager, superintendent, or officer thereof to be prohibited by law."

[3] See *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 955 ["Noncompetition agreements are invalid under [Business and Professions Code] section 16600 in California, even if narrowly drawn, unless they fall within the applicable statutory exceptions of [Business and Professions Code] sections 16601, 16602, or 16602.5"].

2

Court on September 9, 2019. The complaint consisted of a single cause of action for representative claims for penalties under PAGA for violation of section 432.5.

Maxim demurred to the complaint, arguing that Johnson's individual claim was time-barred because she signed the Agreement three years before she filed suit. Johnson opposed the demurrer, contending she had standing to bring a claim under PAGA because she was an aggrieved employee and had exhausted the necessary administrative remedies. Further, she maintained that the representative claims were not time-barred because, under PAGA, Maxim was subject to penalties for any of its employees who signed the Agreement during the applicable period. Finally, as a current Maxim employee who signed the Agreement, Johnson argued that she continued to suffer under the violation committed by Maxim.

After considering the papers and entertaining oral argument, the superior court sustained the demurrer without leave to amend. The court determined that Johnson's individual claim was time-barred, and, as such, she could not pursue a PAGA claim in a representative capacity.

Johnson appealed from the order sustaining the demurrer without leave to amend. We requested that one of the parties obtain a dismissal order from the trial court. Eventually, the superior court dismissed the entire action with prejudice.

## DISCUSSION

We review the superior court's order sustaining the demurrer, including any standing determination, de novo. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

"In September 2003, the Legislature enacted [PAGA] (Lab. Code, § 2698 et seq.; Stats. 2003, ch. 906, § 2, eff. Jan. 1, 2004). The Legislature

3

declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts. (Stats. 2003, ch. 906, § 1.)" (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 980 (*Arias*).)

A PAGA claim is legally and conceptually different from an employee's own suit for damages and statutory penalties. An employee suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies." (*Arias*, *supra*, 46 Cal.4th at p. 986.) Every PAGA claim is "a dispute between an employer and the state." (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 384, 386 (*Iskanian*); *Arias*, at p. 986.) Moreover, the civil penalties a PAGA plaintiff may recover on the state's behalf are distinct from the statutory damages or penalties that may be available to employees suing for individual violations. (*Iskanian*, at p. 381.) Relief under PAGA is designed primarily to benefit the general public, not the party bringing the action. (*Arias*, at p. 986.) "A PAGA representative action is therefore a type of qui tam action," conforming to all "traditional criteria, except that a portion of the penalty goes not only to the citizen bringing the suit but to all employees affected by the Labor Code violation." (*Iskanian*, at p. 382.) The "government entity on whose behalf the plaintiff files suit is always the real party in interest." (*Ibid.*)

However, not every private citizen in California can serve as the state's representative. Instead, only an aggrieved employee has standing under

4

PAGA.  An "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."  (§ 2699, subd. (c).)  "Under [PAGA], an 'aggrieved employee' may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations.  [Citation.]"  (*Arias*, *supra*, 46 Cal.4th at p. 980, fn. omitted.)

For purposes of our analysis here, it is undisputed that Johnson, at least at one time, was an aggrieved employee under PAGA.  However, Maxim argues that Johnson's individual claim is time-barred because she signed the Agreement some three years before she brought suit.  Johnson counters that there is no requirement that she be able to recover on her individual claim to continue with the PAGA action against Maxim.  Accordingly, the main issue posed by the parties on appeal is whether an employee, whose individual claim is time-barred, may still pursue a representative claim under PAGA.  Under *Kim*, *supra*, 9 Cal.5th 73, we conclude the answer is yes.

In *Kim*, *supra*, 9 Cal.5th 73, an employee brought a putative class action lawsuit against his former employer alleging Labor Code violations and a PAGA claim.  (*Id.* at pp. 82-83.)  The superior court ordered the individual claims to arbitration, stayed the PAGA claim, and dismissed the class claims.  (*Id.* at p. 82.)  Later, the employee settled and dismissed the individual claims, "leaving only the PAGA claim for resolution."  (*Ibid.*)  With the stay lifted, the employer "successfully moved for summary adjudication" on the PAGA claim, contending the dismissal of the employee's individual claims meant he was no longer an " 'aggrieved employee' " with PAGA standing.  (*Id.* at pp. 82-83.)

The California Supreme Court reversed.  It concluded an employee who settles and dismisses individual Labor Code claims does not lose standing to

5

pursue a PAGA claim. (*Kim*, *supra*, 9 Cal.5th at p. 84.) To this end, the court emphasized that the plain language of section 2699, subdivision (c) has two requirements for standing: the plaintiff "must be an aggrieved employee, that is, someone 'who was employed by the alleged violator' and 'against whom one or more of the alleged violations was committed.' " (*Kim*, at pp. 83-84.) Our high court concluded that the employee satisfied those requirements because he was employed by the alleged violator, and he personally suffered at least one Labor Code violation on which the PAGA claim was based. (*Id.* at pp. 82, 84.)

The California Supreme Court rejected the contention that a plaintiff loses standing by settling individual Labor Code claims and accepting "compensation for his injury." (*Kim*, *supra*, 9 Cal.5th at p. 84.) As it explained, the "Legislature defined PAGA standing in terms of violations, not injury," and the employee became "aggrieved" when "one or more Labor Code violations were committed against him. [Citation.] Settlement did not nullify these violations." (*Ibid.*) The court also observed PAGA standing is not "inextricably linked to the plaintiff's own injury. Employees who were subject to at least one unlawful practice have standing to serve as PAGA representatives even if they did not personally experience each and every alleged violation." (*Id.* at p. 85.)

The court further clarified that PAGA standing does not depend on maintaining an individual Labor Code claim. (*Kim*, *supra*, 9 Cal.5th at p. 88.) Our high court found support for this conclusion in section 2699, subdivision (g)(1), which authorizes "stand-alone PAGA claims," and in various Labor Code statutes imposing "civil penalties without affording a private right of action." (*Kim*, at pp. 88-89.) Finally, the court observed "[n]othing in the legislative history suggests the Legislature intended to

6

make PAGA standing dependent on the existence of an unredressed injury, or the maintenance of a separate, unresolved claim." (*Id*. at pp. 90-91.)

*Kim* compels reversal here. Under *Kim*, we conclude Johnson is an "aggrieved employee" with standing to pursue her PAGA claim. Johnson alleged she is employed by Maxim and that she personally suffered at least one Labor Code violation on which the PAGA claim is based. (See *Kim*, *supra*, 9 Cal.5th at pp. 82, 84; § 2699, subd. (c).) The fact that Johnson's individual claim may be time-barred does not nullify the alleged Labor Code violations nor strip Johnson of her standing to pursue PAGA remedies. (See *Kim*, at pp. 80, 84.) In this sense, we find the fact that Johnson's claim is time-barred places her in a similar situation as a plaintiff who settles her individual claims or dismisses her individual claims to pursue a stand-alone PAGA claim.

Maxim's attempt to distinguish *Kim* is not persuasive. For example, Maxim contends that we would have to "distort[ ]" the holding of *Kim* to conclude that Johnson's standing to bring a PAGA action has not been stripped by the relevant statute of limitation. Not so. The rule from *Kim* is an "aggrieved employee" has standing to pursue a PAGA claim, irrespective of whether that employee maintains a separate Labor Code claim. And, as discussed *ante*, Johnson alleged she was an aggrieved employee. Under *Kim*, this allegation is sufficient, at this stage, to establish standing. To the extent Maxim argues *Kim* applies only when a plaintiff settles the underlying Labor Code claims, we disagree.

Nor do we agree with Maxim that *Robinson v. Southern Counties Oil Co.* (2020) 53 Cal.App.5th 476 (*Robinson*) warrants a different conclusion. In that case, the plaintiff worked for the defendant from February 4, 2015 through June 14, 2017. In August 2018, the plaintiff filed the required notice

7

of a Labor Code violation with the Agency. After waiting the required time, he filed suit, alleging the defendant violated sections 226.7 and 512 by failing to provide the required meal and rest breaks. (*Robinson*, at p. 480.)

However, in February 2019, in a case entitled *Gutierrez v. Southern Counties Oil Company* (Sup. Ct. San Diego County, No. 37-2017-00040850-CU-OE-CTL) (*Gutierrez*), the San Diego Superior Court approved a settlement in a class action that sought individual damages as well as civil penalties under PAGA for the same alleged Labor Code violations on which the plaintiff in *Robinson* brought suit. (*Robinson*, *supra*, 53 Cal.App.5th at p. 480.) The plaintiff in *Robinson* and three other employees opted out the class settlement in *Gutierrez*. The plaintiff then amended the allegations in his complaint to represent employees of the defendant who opted out of the settlement in *Gutierrez* and people who were employed from January 27, 2018 to present. (*Robinson*, at p. 480.)

The superior court subsequently sustained without leave to amend a demurrer to the plaintiff's complaint. The court found that the plaintiff was barred from bringing a PAGA action asserting the same claims that were settled in *Gutierrez* and that he lacked standing to bring a representative action on behalf of employees employed during the time period when he was no longer also employed by the defendant. (*Robinson*, *supra*, 53 Cal.App.5th at pp. 480-481.)

The appellate court affirmed the judgment based on the order sustaining the demurrer. In doing so, the court explained that the doctrine of claim preclusion barred the plaintiff's claims with respect to the violations settled in *Gutierrez*. (*Robinson*, *supra*, 53 Cal.App.5th at p. 482.) The court noted that the plaintiff's suit and the *Gutierrez* action involved "PAGA claims based on the same alleged violations of the Labor Code." (*Robinson,* at

8

p. 482.) As such, although the plaintiff could opt out on an individual basis, there was no mechanism to opt out of the judgment entered on the PAGA claim. To this end, the court emphasized that a PAGA action substitutes as an action brought by the government; thus, a judgment or settlement in that action "binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government." (*Ibid.*)

Regarding the plaintiff's attempt to represent aggrieved employees for violations occurring after January 27, 2018, the appellate court concluded the plaintiff lacked standing because he was not employed by the defendant at that time and was not affected by any of the alleged violations. (*Robinson, supra*, 53 Cal.App.5th at p. 484.)

*Robinson* is not applicable to the instant action. Here, there is no parallel case, like *Gutierrez*, that has been settled, involving the same PAGA claims Johnson advances in this case. Thus, the court's discussion of issue preclusion in *Robinson* is not instructive. Further, unlike the plaintiff in *Robinson*, Johnson remains an employee of Maxim and continues to be governed by the terms of the Agreement. Moreover, she alleged that Maxim persists in requiring employees to sign agreements that contain the prohibited terms. Accordingly, nothing in *Robinson* supports Maxim's argument that Johnson no longer has standing to bring a PAGA claim based

on violations associated with the Agreement that occurred during the applicable statute of limitations.[4]

In short, under *Kim, supra,* 9 Cal.5th 73, Johnson has standing to bring the subject PAGA claim. Additionally, she alleged in the operative complaint that Maxim had violated section 432.5 during the applicable statute of limitations, subjecting the company to penalties under PAGA. As such, the superior court erred in sustaining the demurrer without leave to amend. Johnson has stated a valid cause of action under PAGA against Maxim.[5]

---

[4] In the respondent's brief, Maxim relies on multiple federal district court cases to support its position that Johnson may not proceed with a representative claim under PAGA in the instant action. We are not bound by these federal cases. (See *People v. Crittenden* (1994) 9 Cal.4th 83, 120, fn. 3.) Moreover, these federal cases predate *Kim, supra,* 9 Cal.5th 73, and thus, are of little help here. In addition, after briefing concluded, Maxim submitted a notice of new authority, referring us to a newly issued Ninth Circuit opinion. (See *Magadia v. Wal-Mart Associates, Inc.* (9th Cir. 2021) 999 F.3d 668.) That case is not instructive here as it addresses standing under Article III of the United States Constitution and does not address *Kim* whatsoever.

[5] Because we conclude that Johnson has stated a valid claim against Maxim under PAGA, we do not reach her alternative argument that the continuous accrual doctrine applies to her individual claim.

## DISPOSITION

The judgment is reversed.  Johnson is entitled to her costs on appeal.


HUFFMAN, Acting P. J.

WE CONCUR:



HALLER, J.



AARON, J.